Filed 2/17/26  P. v. Matheson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C103945 |
| Plaintiff and Respondent, | (Super. Ct. No. 24FE012534) |
| v. | |
| ROBERT ERIC MATHESON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Robert Eric Matheson filed an opening brief that sets forth the facts of this case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

1

**FACTS AND PROCEEDINGS**

The People charged defendant with reckless or malicious possession of a destructive device or explosive in or near a private habitation (Pen. Code, § 18715, subd. (a)(3))[1] and unlawful possession of ammunition (§ 30305, subd. (a)(1)). The People alleged several aggravating circumstances and that defendant suffered two prior strike convictions.

The trial court denied defendant's petition for pretrial mental health diversion under section 1001.36. The court reasoned, in part, that defendant posed an unreasonable risk of danger to public safety given the evidence that defendant was building a bomb and planned to use it against another person.

At trial, the People introduced evidence that, in July 2024, defendant's housemate reported to police that defendant had threatened defendant's girlfriend and indicated he was going to harm her by building a bomb. A detective trained in identifying destructive devices or explosives searched the house and found in defendant's bedroom a quart-sized paint can with a shoestring going through the lid that appeared to be an explosive device. Police X-rayed the device and determined it contained a possible explosive powder. The detective removed the lid and found dark-colored powder inside and small metal pellets usually included in shotgun shells. A burn test indicated that the powder inside the paint can was explosive and that the device was a viable destructive device. The detective opined that the device was in fact a bomb. The detective also found on the property a trash bag with open ammunition boxes and cut shotgun shells, and a trash bag with dismantled rifle cartridges.

The jury found defendant guilty on both counts and the trial court found defendant had suffered two prior strike convictions and found true several aggravating

---

[1] Undesignated statutory references are to the Penal Code.

circumstances. The court sentenced defendant to eight years (the middle term, doubled due to the prior strikes) for possession of a destructive device and stayed the sentence for unlawful possession of ammunition pursuant to section 654.

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


                                                             /s/
                                           Duarte, Acting P. J.


We concur:


      /s/
Renner, J.


      /s/
Mesiwala, J.